# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: C.M.**

**No. 13-0125** (Webster County 11-JA-48)

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Stepfather, by counsel Bernard Mauser, appeals the Circuit Court of Webster County's order entered on November 20, 2012, terminating his custodial rights to C.M. The West Virginia Department of Health and Human Resources ("DHHR"), by Charlene A. Vaughan, its attorney, filed its response. The guardian ad litem, Michael W. Asbury Jr., filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his custodial rights to C.M.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is the stepfather of C.M., a minor. The DHHR filed the underlying abuse and neglect petition on September 20, 2011, based on the condition of petitioner's home, issues with C.M.'s hygiene, and a prior abuse and neglect petition filed against petitioner in October of 2003 involving similar circumstances. Petitioner waived a preliminary hearing and the circuit court ordered C.M. into the legal and physical custody of the DHHR, while allowing petitioner and his wife supervised visitation. At the adjudicatory hearing, in October of 2011, petitioner admitted to the allegations in the petition of unsanitary conditions in the home and did not object to the circuit court taking judicial notice of the prior abuse and neglect petition. By order entered on November 20, 2012, following several dispositional hearings, the circuit court terminated petitioner's custodial rights and granted him unsupervised visitation. The circuit court found that C.M. suffered significant stress as a result of her hygiene and other issues and that, while petitioner has some economic limitations, he had the ability to provide a fit and suitable home but failed to do so. In light of petitioner's previous abuse and neglect proceedings, the circuit court found that there are no reasonable grounds to believe that petitioner and his wife can or will substantially correct the circumstances of abuse and neglect within the reasonably foreseeable future. The circuit court ordered that petitioner have unsupervised visitation with C.M. every other weekend for six hours, provided the parents maintain utilities and heat, and the home is "fit, clean and suitable." It is from this order that petitioner appeals, seeking to restore his custodial rights to C.M.

The Court has previously established the following standard of review:

1

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court discounted the extent to which the petition for abuse and neglect was based upon his financial circumstances and that the petition overemphasized the import of petitioner's history of failing to maintain a clean home. Petitioner argues that these defects led the circuit court to erroneously deny petitioner a less restrictive disposition, and to find that the petition for abuse and neglect was not based upon petitioner's financial circumstance and that no reasonable grounds existed to believe petitioner can or will substantially correct the circumstances of abuse and neglect. The circuit court specifically found that Petitioner Stepfather's neglect of C.M. was based upon his failure to maintain a suitable home and that, while "the parents have some limitations, [they] do have the ability to provide a fit and suitable home and simply did not do so in this case." The circuit court found that at the time of the petition the home was in "deplorable and subhuman conditions" and that C.M.'s hygiene problems and other issues led to significant stress for her, due to her peers not wanting to interact with her.

The statutory definition of a neglected child includes a child

whose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care or education, when such refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian . . . .

W.Va. Code § 49-1-3(11)(A)(i).

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical

2

development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011)

The Court finds that the circuit court was presented with sufficient evidence to find that petitioner's neglect of C.M. was not due primarily to a lack of financial means. The Court also finds that the circuit court was presented with sufficient evidence upon which it based its findings that there were no reasonable grounds to believe that conditions of abuse and neglect could be substantially corrected in the near future and that termination of custodial rights was necessary for the child's welfare. Petitioner has a lengthy history of failing to maintain sanitary conditions in his home and the harm it caused to C.M. is thoroughly documented. Pursuant to West Virginia Code § 49-6-5(a)(6), the circuit court was required to terminate custodial rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of custodial rights is hereby affirmed.

Affirmed.

**ISSUED**: October 1, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3